Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                        )
IN RE:                                  )    CASE NO.        06-30244 (LMW)
                                        )
    NORBERT JOSEPH,                     )    CHAPTER         7
                                        )
        DEBTOR.                         )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    ROBERTA NAPOLITANO,                 )    ADV. PRO. NO.   06-3167
                                        )
        PLAINTIFF                       )    DOC. I.D. NO.   19
                                        )
    vs.                                 )
                                        )
    NEELAM JOSEPH,                      )
                                        )
        DEFENDANT.                      )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

Carol A. Felicetta, Esq.                    Attorney for the Plaintiff
Reid and Reige, P.C.
195 Church Street, 15th Floor
New Haven, CT 06510

David M.S. Shaiken, Esq.                    Attorney for the Plaintiff
Reid and Reige, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103

Neelam Joseph                               *Pro Se* Defendant
26 Cove Brook Road
West Haven, CT 06516

**BRIEF MEMORANDUM AND ORDER RE:
MOTION FOR DEFAULT JUDGMENT**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** the above-captioned debtor (the "Debtor") commenced a bankruptcy case by the filing of a chapter 7 petition on March 6, 2006 (the "Filing Date"). Contemporaneously with the petition, the Debtor filed his schedules and statements (*see* Case Doc. I.D. No. 2, the "Schedules");[1]

**WHEREAS,** according to the Schedules, on the Filing Date the Debtor (1) was a "[c]o-[o]wner" of certain real property (the "Property") located at 26 Cove Brook Road, West Haven; (2) elected exemptions under Bankruptcy Code § 522(b)(3) and scheduled an exemption (in the amount of $75,000.00, the "Exemption") with respect to the Property under Conn. Gen. Stat. § 52-352b(t) (*see* Case Doc. I.D. No. 2 (Schedule C – Property Claimed as Exempt)); (3) listed a joint secured claim of $193,000.00 with respect to a mortgage (the "Mortgage") on the Property and valued the Property at $270,000.00 (*see id.* (Schedule D – Creditors Holding Secured Claims)); (4) stated his intention to reaffirm the Mortgage (*see id.* (Chapter 7 Individual Debtor's Statement of Intention)); and (5) listed unsecured debts of $128,706.34 (*see id.* (Schedule F – Creditors Holding Unsecured Nonpriority Claims));

**WHEREAS,** the Bankruptcy Code § 341 Meeting of Creditors (the "Section 341 Meeting") was held on April 11, 2006. At the Section 341 Meeting, the Debtor testified that he transferred the Property to the above-captioned defendant (the "Defendant"), his wife, in November, 2005. (*See* Affidavit (as defined below) ¶ 12.);

**WHEREAS,** on April 13, 2006, the chapter 7 trustee (the "Trustee") filed (1) a request to establish a proof of claim bar date in light of her expectation to "recover assets in this case" (*see*

---

[1] References herein to the docket of this adversary proceeding are in the following form: "A.P. Doc. I.D. No. ___." References herein to the docket of this chapter 7 case appear in the following form: "Case Doc. I.D. No. ____."

Case Doc. I.D. No. 38); and (2) an objection (Case Doc. I.D. No. 39, the "Objection") to the Exemption on the grounds that the Debtor "had neither a legal nor an equitable interest in the Property" (*see* Objection ¶ 1);

**WHEREAS,** a bar date for the filing of proofs of claim was set for July 17, 2006 (*see* Case Doc. I.D. No. 42);[2]

**WHEREAS,** on May 5, 2006, after notice and a hearing (the "Exemption Hearing") on May 3, 2006, the court issued that certain Order Sustaining Trustee's Objection to Property Claimed as Exempt (Case Doc. I.D. No. 51);[3]

**WHEREAS,** on June 2, 2006, the Debtor received his chapter 7 discharge (*see* Case Doc. I.D. No. 55);

**WHEREAS,** on December 11, 2006, the Trustee commenced the instant adversary proceeding by the filing of a complaint (A.P. Doc. I.D. No. 1, the "Complaint") seeking (1) to avoid the transfer of the Property by the Debtor to the Defendant pursuant to 11 U.S.C. § 548(a) and (2) to recover the value of the Property pursuant to 11 U.S.C. § 550(a);[4]

---

[2]    Proofs of claim filed in the case total $144,866.94.

[3]    The Debtor was represented by counsel who had notice of the Exemption Hearing (*see* Case Doc. I.D. No. 44) but who failed to appear (*see* 5/3/06 Oral Record of Exemption Hearing at 1:27:57 *et. seq.*). It appears that the Debtor filed a response (*see* Case Doc. I.D. No. 52, dated April 28, 2006 and served May 3, 2006, the "Response") to the Objection three (3) days after issuance of that order. The Debtor did not move for relief from the order or take any steps to have a hearing held on the Response during the more than one-year period following the order's issuance. The Response (docketed as an "objection") has since been overruled as untimely and/or moot. (*See* Case Doc. I.D. No. 65.)

[4]    The Complaint also sought "an injunction against any further transfer or disposition of the property by the Defendant," costs, interest and attorney's fees (collectively, the "Other Relief"). (*See* Complaint at 3.) The Trustee has not pursued the foregoing relief.

**WHEREAS,** a copy of the summons (A.P. Doc. I.D. No. 2) and the Complaint were served timely on the Defendant on December 14, 2006 (*see* A.P. Doc. I.D. Nos. 3, 6);

**WHEREAS,** the Defendant has failed to plead or otherwise defend in this adversary proceeding;[5]

**WHEREAS,** because the Defendant failed to respond to the Complaint, all of the factual allegations of the Complaint are deemed admitted. *See* Fed. R. Civ. P.(8)(d);[6]

**WHEREAS,** on February 2, 2007, the Trustee filed that certain Request for Entry of Default (A.P. Doc. I.D. No. 15, the "Default Request") because of the Defendant's failure to respond to the Complaint;

**WHEREAS,** a copy of the Default Request was served on the Defendant (*see* A.P. Doc. I.D. No. 16);

**WHEREAS,** on February 6, 2007, a Clerk's entry of default entered (*see* A.P. Doc. I.D. No. 17) and a copy of such default was mailed to the Defendant (*see* A.P. Doc. I.D. No. 18);

**WHEREAS,** on February 20, 2007, the Trustee filed that certain Motion for Default Judgment by the Court (A.P. Doc. I.D. No. 19, the "Motion");

**WHEREAS,** a copy of the Motion was served on the Defendant (*see* A.P. Doc. I.D. No. 20);

---

[5] The Defendant is *pro se* in the adversary proceeding.

[6] **Effect of Failure to Deny.** Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading . . . .

*Id*. Rule 8(d) is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7008(a).

**WHEREAS,** although the Defendant has failed to plead, a motion for judgment by default is not granted as a matter of right.  Further, entry of default does not automatically lead to entry of default judgment by the court.  *See Valley Oak Credit Union v. Villegas (In re Villegas)*, 132 B.R. 742, 746 (B.A.P. 9th Cir. 1991).  Rather, the court in its discretion may conduct a hearing requiring some proof [from the Plaintiff] of the facts that must be established in order to determine [the Defendant's] liability." *Citibank USA, N.A. v. Spring (In re Spring)*, No. 04-3007, 2005 WL 588776, at *2 (Bankr. D. Conn. March 7, 2005) (internal quotation marks omitted).  *See also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)  ("[A]s a general rule a . . . court  should grant a default judgment sparingly . . . when the defaulting party is appearing *pro se*").  At the court's discretion, such proof may be made by affidavit.  *See* Fed. R. Civ. P. 43(e) (made applicable here by Fed. R. Bankr. P. 9017). *See also General Electric Capital Corp. v. Bui (In re Bui)*, 188 B.R. 274, 276 (Bankr. N.D. Cal. 1995) ("A plaintiff must demonstrate a *prima facie* case by competent evidence in order to obtain a [d]efault [judgment].").  A plaintiff has made a satisfactory prima facie showing where, from the evidence presented, "a factfinder could reasonably find every element that the plaintiff must ultimately prove to prevail in the action."  *Fisher v. Vassar College*, 114 F.3d 1332, 1336 (2d Cir. 1997) (*en banc*), *cert. denied*, 522 U.S. 1075 and *reh'g denied*, 523 U.S. 1041 (1998) (*abrogated on other grounds by Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000)).;

**WHEREAS,** a hearing (the "Hearing") on the Motion was scheduled for March 7, 2007 (*see* A.P. Doc. I.D. No. 21);

**WHEREAS,** a copy of the Hearing notice was served on the Defendant (*see* A.P. Doc. I.D. Nos. 22, 23);

**WHEREAS,** counsel for the Trustee appeared at the Hearing. The Defendant did not appear. At the conclusion of the Hearing, the court instructed counsel for the Trustee to file an affidavit (the "Affidavit") setting out a *prima facie* case for judgment herein;[7]

**WHEREAS,** on March 21, 2007, the Trustee filed the Affidavit[8] (*see* A.P. Doc. I.D. No. 24) and served a copy of the Affidavit on the Defendant (*see* A.P. Doc. I.D. No. 25);[9]

**WHEREAS,** the Motion is now ripe for decision. This court has jurisdiction over this proceeding as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and that certain Order dated September 21, 1984 of this District (Daly, C.J.);[10]

---

[7] At the Hearing, counsel for the Trustee stated that she was seeking only a judgment avoiding the Transfer (as defined below) and was not seeking a judgment pursuant to 11 U.S.C. § 550(a) at this point.

[8] Annexed to the Affidavit are exhibits. Such exhibits will be hereafter referred to as "Exh. ___."

[9] The Trustee, in seeking to establish a *prima facie* case under Section 548(a), substantially relies upon statements made by the Debtor in his Schedules with respect to Property value, insolvency and the like. In view of that reliance, the court issued that certain Notice of Intent To Rely on Debtor's Schedules and Order Scheduling Hearing (A.P. Doc. I.D. No. 26, the "Notice"). The Notice gave the Defendant the opportunity to object to such reliance in writing and scheduled a hearing on September 5, 2007 in the event the Defendant filed an objection. The Defendant did not file an objection and the hearing was marked "off". In the absence of an objection, the court will permit the Trustee to rely on the Debtor's Schedules to make out her *prima facie* case. In any event, the Schedules are themselves at least the equivalent of an affidavit because they are signed by the Debtor under penalty of perjury.

[10] That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . . ."

**WHEREAS,** the Affidavit asserted the following facts:

- On or about March 12, 2003, the Debtor purchased the Property pursuant to a warranty deed for $209,000.00. (*See* Affidavit ¶¶ 19-20; Exh. C (Warranty Deed).) The Defendant's name did not appear on that deed. (*See id.*)

- On or about March 12, 2003, the Debtor obtained an open end mortgage (the "Mortgage") against the Property for $200,600.00. (*See* Exh B.)[11]

- On or about November 4, 2005, the Debtor transferred (the "Transfer") the Property to the Defendant pursuant to a quitclaim deed "for the consideration of One Dollar ($1.00) and other valuable consideration but less then [sic] One Hundred ($100.00) Dollars . . . ." (Exh. D (Quitclaim Deed).) (*See also* Affidavit ¶ 12; Exh. B.)

- On the Filing Date, the Property was valued at $270,000.00 and was encumbered by the Mortgage in the amount of $193,000.00. (*See* Exh. A; Schedules (Schedule A - Real Property and Schedule D - Creditors Holding Secured Claims).)

- The Debtor listed unsecured debt in excess of $128,000.00 on his Schedules. (*See* Schedules (Schedule F - Creditors Holding Unsecured Nonpriority Claims).)

- The Transfer occurred approximately four months prior to the Filing Date.

- The Defendant "paid less than $100 for the Property, receiving a value of approximately $80,000.00." (Affidavit ¶ 24.)

- All of the Debtor's unsecured debt were incurred prior to the Transfer, "rendering the Debtor insolvent at the time of the [T]ransfer." (Affidavit ¶ 25.)

---

[11]   Exhibit B to the Affidavit is a Title Report for a title search done (at the request of the Trustee) against the Property from March 12, 2003 through February 21, 2007.

**WHEREAS,** Bankruptcy Code § 548(a) provides in pertinent part:

> (a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years[12] before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
> 
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> 
> (B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . .

11 U.S.C.A. § 548(a) (West 2007);

**WHEREAS,** the Motion seeks judgment on the grounds that the Transfer (1) was made with "actual intent to hinder, delay, or defraud" creditors under Bankruptcy Code § 548(a)(1)(A) (i.e., actual fraud), or, alternatively (2) was made for less than "reasonably equivalent value" while the Debtor was "insolvent" under Bankruptcy Code § 548(a)(1)(B) (i.e., constructive fraud). (*See* Motion at 2-3.);

**WHEREAS,**

> [t]he Trustee bears the ultimate burden of persuasion by a preponderance of the evidence on all of the elements of a fraudulent transfer under Section 548(a). However, once a *prima facie* case has been established by the Trustee, a burden of production can shift to the Defendant on certain elements . . . .

---

[12] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 increased the "reachback period" from one year to two years. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1402(1) (2005). However, the new reachback period applies to cases commenced more than one year after the enactment date of the Act (i.e., after October 17, 2006). *Id*. § 1406(b)(2). As noted, this case was commenced on March 6, 2006 and would be subject to the one year reachback of the prior legislation.

*Daly v. Richardson (In re Carrozzella & Richardson)*, 302 B.R. 415, 419 (Bankr. D. Conn. 2003) (Dabrowski, J.);

**WHEREAS,** under Bankruptcy Code § 548(a)(1)(B) as it applies here, the Trustee must establish that (1) the Debtor transferred his interest in the Property, (2) within one year of the Filing Date, (3) for which the Debtor received less than "reasonably equivalent value", and (4) the Transfer occurred while the Debtor was insolvent or resulted in the Debtor's insolvency. *See Kapila v. Moodie (In re Moodie)*, 362 B.R. 554, 559 (Bankr. S.D. Fla. 2007); *Breeden v. L.I. Bridge Fund, LLC, et. al. (In re The Bennett Funding Group, Inc.)*, 232 B.R. 565, 570 (Bankr. N.D.N.Y. 1999);

**WHEREAS,** about four months prior to the Filing Date (i.e., November 4, 2005), the Debtor transferred his interest in the Property to the Defendant. (*See* Exh. D.) Prior to the Transfer, the Debtor owned the Property in its entirety. (*See* Exh. C.) Therefore, elements 1 and 2 above are satisfied;

**WHEREAS,** "[t]o determine whether the [T]ransfer[] sought to be avoided by the Trustee . . . [was] constructively fraudulent, the Court must determine the value of what the Debtor transferred and the value of what he received." *Kendall v. Carbaat (In re Carbaat)*, 357 B.R. 553, 560 (Bankr. N.D. Ca. 2006). In making a determination of reasonable equivalence, the court must assess the "events as they existed on the date of the transfer." *Bennett Funding*, 232 B.R. at 570. *See also Peltz v. Hatten*, 279 B.R. 710, 737 (D. Del. 2002), *aff'd*, 60 Fed. Appx. 401 (3d Cir. 2003) ("For purposes of considering reasonable equivalence, the critical date is the date of the transfer at issue . . . ."). Subsequent appreciation or depreciation to value is not relevant to a determination of reasonable equivalent value. *Id.* ;

**WHEREAS,** as noted, the Transfer occurred on or about November 4, 2005. As of March 6, 2006, the Property was valued at $270,000.00. (*See* Schedules.) Because that amount is the only evidence of value before the court and is undisputed, the court is entitled to presume that the value of the property on March 6, 2006 was not materially different from its value on the date of Transfer. *Cf. Matter of Cuisinarts*, 115 B.R. 744, 748 (Bankr. D. Conn. 1990) (Krechevsky, J.) (finding that sale price of business established three months after the petition date was "the best evidence of its value on the petition date" for purposes of Bankruptcy Code § 506(b));

**WHEREAS,** as noted, the Property was encumbered by a Mortgage in the amount of $193,000.00. That amount of the Mortgage is also the only evidence before the court. Consequently, the value of the Debtor's interest in the Property on the date of the Transfer was about $77,000.00;

**WHEREAS,** the record before the court indicates that the Debtor received consideration of no more than $100.00 (*see* Exh. D) for the Transfer from the Defendant. The court finds that $100.00 is not the reasonably equivalent value of the value of the Debtor's equity in the Property and element 3 is satisfied;

**WHEREAS,** "insolvency is determined by the 'balance sheet test,' in other words whether the [D]ebtor's assets were exceeded by [his] . . . liabilities at the time of the transfer." *Universal Church v. Geltzer*, 463 F.3d 218, 226 (2d Cir. 2006), *cert. denied*, 127 S.Ct. 961 (2007). Schedule F (Creditors Holding Unsecured Nonpriority Claims) of the Schedules lists debts (the "Unsecured Debts") of $128,706.34.[13] The Unsecured Debts were incurred prior to the date of the Transfer. (*See*

---

[13]   Of that amount, $108,552.68 appears to be related to the operation of a Subway franchise in New York. (*See* Case Doc. I.D. No. 29 (Motion for Relief from the Automatic Stay filed by Doctor's Associates, Inc. and Subway Real Estate (collectively, the "Movants")).) On or about January 30, 2006, the Movants commenced an eviction action against the Debtor in New York State Court. (*See id.* ¶ 8.) That action was pending as of the Filing Date. (*See* Schedules (Statement of

Schedules (Schedule F).) The Debtor also had secured debt of $193,000.00, which together with the Unsecured Debts total $321,706.34 in liabilities. The Debtor's assets consisted of the Property valued at $270,000.00 and personal property valued at $9,340.29 (*see* Schedules (Schedule B - Personal Property)) for a sum of $279,340.29. Because the sum of the Debtor's liabilities was greater than the value of his assets, the court finds that the Debtor was insolvent on the date of the Transfer and element 4 above is satisfied;

**WHEREAS,** the court determines that the Trustee has made a *prima facie* showing of constructive fraud under Bankruptcy Code § 548(a)(1)(B);[14]

**WHEREAS,** the Trustee did not address the Other Relief in the Motion. Therefore, the Other Relief is denied;

**NOW, THEREFORE,** it is hereby **ORDERED** that the Motion is granted and a conforming separate judgment will issue. It is **SO ORDERED.**

Dated: November 8, 2007                                                        BY THE COURT

*/s/ Lorraine Murphy Weil*
**Lorraine Murphy Weil**
**United States Bankruptcy Judge**

---

Financial Affairs, item 4).) On May 2, 2006, the motion for relief from stay was granted. (*See* Case Doc. I.D. No. 49.)

[14] Because the Trustee has met her burden of proving a *prima facie* case of constructive fraud under Bankruptcy Code § 548(a)(1)(B), it is unnecessary for the court to address the sufficiency of a *prima facie* case of actual fraud under Bankruptcy Code § 548(a)(1)(A).